UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF BELLE CHASSE MARINE TRANSPORTATION, L.L.C. AS OWNER AND OPERATOR OF THE M/V MACK B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

COMES Belle Chasse Marine Transportation, L.L.C. ("BCMT"), as owner and operator of the M/V MACK B, who files its Complaint for Exoneration from and/or Limitation of Liability ("Complaint-in-Limitation"), pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as 46 U.S.C. §§ 30501 – 30512. In support of this Complaint-in-Limitation, BCMT alleges on information and belief as follows:

**I.**

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and pursuant to 28 U.S.C. § 1333.

**II.**

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims, because BCMT, as owner and operator of the M/V MACK B, has been sued within this Court's jurisdiction.

**III.**

BCMT is a limited liability company organized under the laws of the State of Louisiana with its principal place of business located in Harahan, Louisiana.

**IV.**

At all pertinent times hereto, BCMT was the owner and operator of the M/V MACK B, a 47' Crewboat of United States flag, Official No. 1281206.

**V.**

Prior to and at all times hereinafter described, BCMT exercised due diligence to make and to maintain the M/V MACK B and its crew in all respects seaworthy, and at all times hereinafter described, the M/V MACK B was, in fact, tight, staunch, strong, fully and properly equipped and supplied, fully and properly crewed, in all respects, seaworthy, and fit and proper for the service in which the M/V MACK B was engaged.

**VI.**

On or about April 7, 2025, Brandon Stedman, captain employed by BCMT, was operating the M/V MACK B with deckhand Sherrod Headspeth, also employed by BCMT, when Mr. Stedman fell asleep at the helm of the M/V MACK B allowing the M/V MACK B to collide with another vessel (the "Incident"), allegedly resulting in injuries to both Mr. Stedman and Mr. Headspeth. Mr. Stedman filed suit against BCMT in St. John the Baptist Parish, State of Louisiana on September 10, 2025, and Mr. Headspeth filed suit in the Eastern District of Louisiana, United States District Court on November 4, 2025.

**VII.**

The Incident, all injuries, contingent losses and all other losses, damages, expenses and costs resulting therefrom were not caused or contributed to by any fault, negligence,

unseaworthiness or lack of due care on the part of BCMT, the M/V MACK B, or any person for whom or which BCMT was or might be responsible. To the contrary, the Incident, as well as any losses, injuries, and/or damages allegedly sustained by any person or legal entity arising out of the Incident was/were due to and/or caused by the fault, neglect, lack of due diligence, negligence, want of due care, acts and/or omissions of others for whom BCMT is not responsible.

### VIII.

The Incident, personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom, were caused or occurred without the privity or knowledge of BCMT, its officers, directors, shareholders, members, managers, or any person or property for whom or which BCMT may be responsible.

### IX.

The Incident was not due to an unseaworthy condition of the M/V MACK B that was within the privity or knowledge of BCMT, its officers, directors, shareholders, members, managers, or any person for whom BCMT may be responsible.

### X.

BCMT, as owner and operator of the M/V MACK B, denies that it, or any person for whom it may be responsible, or the M/V MACK B are liable to any extent for any claims arising out of the aforesaid Incident and asserts exoneration from liability for all injuries, losses, expenses, or damages occasioned or incurred by reason of or resulting from this Incident.

### XI.

Alternatively, BCMT, without admitting but affirmatively denying all liability, claims the benefit of limitation of liability provided for under Title 46, Chapter 305 – Exoneration and Limitation of Liability of the United States Code, 46 U.S.C. §§ 30501 *et seq*., and the various

statutes supplemental thereto and amendatory thereof, and to that end, BCMT herewith deposits with the Court, as security for the benefit of potential claimants, the *Ad Interim* Stipulation.

### XII.

This Complaint for Exoneration and/or Limitation of Liability is brought timely and within the requirements of 46 U.S.C. §§ 30501 – 30512, and Rule F(1), Supplemental Rules of Certain Admiralty and Maritime Claims.

### XIII.

BCMT avers that the estimated market value of the M/V MACK B following the Incident is Five Hundred Thousand Dollars ($500,000.00), as evidenced by the General Condition and Valuation Survey attached hereto as Exhibit "A." The total amount of pending freight on the M/V MACK B as of the date of the Incident is $0 as evidenced by the Affidavit attached hereto as Exhibit "B."

### XIV.

BCMT shows that if it should be held liable in any degree to any party, which is denied, its liability should be limited to and not exceed the amount or value of BCMT's interest in the M/V MACK B. BCMT has filed contemporaneously herewith an *Ad Interim* Stipulation in appropriate form, for the payment into the registry of the Court, security in the amount of BCMT's interest, if any, in the M/V MACK B and its pending freight, and Stipulation for Costs.

### XV.

BCMT is also prepared with respect to security and due appraisal to comply with the provisions of Rule F(1) and (7) when and if the Court should so order. BCMT specifically reserves the right to apply to this Court to reduce the amount of the limitation fund in accordance with any final valuation or applicable law and statutes.

## XVI.

To the best of BCMT's belief, no warrant or arrest or any other process of any court has been issued for the M/V MACK B, and the M/V MACK B has not been and is not currently under seizure as a result of any claims or demands.

## XVII.

On information and belief, the below list includes the claimants who asserted a claim against the M/V MACK B as well as its owner and operator, arising out of the Incident. To the best of BCMT's information and belief, the claimants are as follows:

| Claimant | Related Lawsuit |
| --- | --- |
| BRANDON STEDMAN<br>**PIERCE SKRABANEK, PLLC**<br>**c/o Paul Skrabanek, Esq.**<br>24 Greenway Plaza, Suite 500<br>Houston, Texas 77046 | *Brandon Stedman versus Belle Chasse Marine Transportation, LLC*<br>40th Judicial District Court, Parish of St. John The Baptist<br>Case No.: C-84280 |
| SHERROD HEADSPETH<br>**Lambert, Zainey, Smith & Soso**<br>**c/o J. Christopher Zainey, Jr.**<br>701 Magazine Street<br>New Orleans, Louisiana 70130 | *Sherrod Headspeth versus Belle Chasse Marine Transportation, LLC*<br>United States District Court, Eastern District of Louisiana<br>Case No.: 2:25-cv-02259 |

## XVIII.

Should it later appear that BCMT is or may be liable and that the amount or value of its interest in the M/V MACK B, as aforesaid, is insufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules of Certain Admiralty

and Maritime Claims, the general maritime law, and by the rules and practices of this Honorable Court.

## XIX.

All and singular, the above premises of this Complaint-in-Limitation are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## XX.

BCMT request the right provided by the Limitation Act to have all claims and issues concerning the Incident in question determined in a single proceeding before this Court sitting in Admiralty, and prays for all equitable relief, including an Order enjoining the prosecution of any claims outside the concursus proceeding prayed for in this Complaint-in-Limitation.

**WHEREFORE**, Belle Chasse Marine Transportation, L.L.C. prays that:

A. This Court issue an Order approving the *Ad Interim* Stipulation submitted to the Court by Belle Chasse Marine Transportation, L.L.C. as adequate security;

B. This Court issue a notice to all persons asserting claims with respect to which this Complaint-in-Limitation seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Belle Chasse Marine Transportation, L.L.C., a copy thereof on or before the date to be named in the Notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorney for Belle Chasse Marine Transportation, L.L.C., an Answer to this Complaint-in-Limitation on or before the said date, unless his or her claim has included an Answer;

C.    This Court enjoin the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Belle Chasse Marine Transportation, L.L.C., and its underwriters, and/or against the M/V MACK B, her officers and crew, or against any employee or property of Belle Chasse Marine Transportation, L.L.C., except in this action, to recover damages for or in respect to any loss, damage or injury occasioned or incurred as a result of the aforesaid Incident;

D.    This Court adjudge that Belle Chasse Marine Transportation, L.L.C., the M/V MACK B, her officers and crew, and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the Incident, or for any claim therefor in any way arising out of or resulting from the aforesaid Incident;

E.    In the alternative, that if the Court should adjudge Belle Chasse Marine Transportation, L.L.C., or the M/V MACK B liable in any amount whatsoever, their liability should be limited to and not exceed the amount or value of Belle Chasse Marine Transportation, L.L.C.'s interest in the M/V MACK B and pending freight, if any; and,

F.    Belle Chasse Marine Transportation, L.L.C., may have such other and further relief as justice may require including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

*/s/ Kari M. Rosamond*
Joseph A. Devall (#29149)
Paul D. Hale (#30539)
Kari M. Rosamond (#34065)
John S. Garner (#25314)
**HALE DEVALL, LLC**
400 Poydras Street, Suite 2107
New Orleans, LA  70130
Telephone: 504-576-0700

7

jdevall@haledevall.com
phale@haledevall.com
krosamond@haledevall.com
jgarner@haledevall.com

***Attorneys for Belle Chasse Marine Transportation, L.L.C.***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF BELLE CHASSE MARINE TRANSPORTATION, L.L.C. AS OWNER AND OPERATOR OF THE M/V MACK B, PRAYING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

      BEFORE ME, the undersigned authority, personally came and appeared:

### KARI M. ROSAMOND

who, after being duly sworn, did depose and say that:

1. She is an attorney in the firm of Hale Devall, LLC. and is one of the attorneys representing Belle Chasse Marine Transportation, L.L.C. in this matter;

2. She has prepared and read the foregoing Complaint for Exoneration from and/or Limitation of Liability, and it is true and correct to the best of her knowledge, information and belief;

3. The source of her said knowledge, information and belief is her personal investigation and information supplied by Belle Chasse Marine Transportation, L.L.C.

4. She is authorized to make this Verification on behalf of Belle Chasse Marine Transportation, L.L.C.

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY PUBLIC,
THIS 15th DAY OF JANUARY, 2026.

NOTARY PUBLIC #88753

KARI M. ROSAMOND